IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2020

## TININ CONTRACTING COMPANY, INC. ET AL. v. ENVIROWORKS, INC.

**Appeal from the Circuit Court for Wayne County
No. 2011-CV-4520  Russell Parkes, Judge**

———————————————————

**No. M2019-00763-COA-R3-CV**

———————————————————

This is a case involving the breach of an oral contract to provide excavation work and materials for an airport construction project in Bolivar, Tennessee. The trial court awarded $128,058.09 in favor of the subcontractor against the project's general contractor. On appeal, the general contractor argued that the oral contract existing between the parties included the subcontractor sharing in certain surveying and testing costs incurred on its scope of work on the project, that it was entitled to a credit for these costs, and that, ultimately, the trial court miscalculated its award of damages. We affirm the trial court's finding that there was no agreement existing between the parties for the subcontractor to incur any surveying or testing costs and that, as a result, the general contractor was not entitled to a credit for these expenses against the balance of the moneys it owed the subcontractor. However, because the order contains insufficient findings of fact and conclusions of law as to why the trial court included an additional $5,593.40 in the final judgment beyond the damages sought in the complaint, we vacate that portion of the final judgment and remand the case to the trial court with instructions to reduce the judgment against the general contractor from $128,058.09 to $122,464.69.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated in Part and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and, JOHN W. MCCLARTY J., joined.

Ryan Durham, Lawrenceburg, Tennessee, for the appellant, Enviroworks, Inc.

James Y Ross, Sr., Waynesboro, Tennessee, for the appellees, Rocky Point Rock Quarry, Inc. and Tinin Contracting Company, Inc.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

In 2008, the City of Bolivar and Hardeman County began accepting bids for a construction project at the Bolivar-Hardeman County Airport (the "Bolivar Project"). Travis French, owner and operator of Enviroworks, Inc. ("Defendant"), and Tommy Tinin, owner and operator of Tinin Contracting Company, Inc. and Rocky Point Rock Quarry, Inc. (together, "Plaintiff"), became aware of the Bolivar Project and began to discuss the merits of submitting a bid. Contemporaneously therewith, Messrs. French and Tinin agreed that the Defendant, as the general contractor, would submit a bid for the Bolivar Project. Additionally, pursuant to an oral contract between Messrs. French and Tinin, it was agreed that Plaintiff was to perform dirt work, including grading and excavation, and to supply rock for a specific portion of the Bolivar Project. Defendant agreed to pay Plaintiff based on a per-unit cost. Mr. French used Mr. Tinin's per-unit quotes, to which he added his margin of profit, in order to draft and submit his final bid on the project. The contract in the amount of $940,787.80 was ultimately awarded to Defendant.

Throughout the course of the Bolivar Project, Plaintiff provided $465,792.15 worth of materials and services to Defendant. Defendant, however, paid Plaintiff only $303,454.42. On June 1, 2011, Plaintiff filed a complaint in the Wayne County Circuit Court (the "trial court"), alleging that Defendant refused to pay Plaintiff the remaining balance owed of $162,146.73. The case was tried for three days, and, on April 8, 2019, the trial court entered its order and judgment in which the trial court found that Plaintiff satisfied all of its contractual obligations to Defendant. Additionally, the trial court found that Defendant breached the oral contract and awarded Plaintiff $128,058.09 against Defendant. Defendant timely filed this appeal.

### ISSUE PRESENTED

Defendant raises one issue on appeal, reproduced as follows: Whether the trial court erred in its initial calculation of its final judgment award as well as failing to credit $16,458.69 toward the final judgment award?

### STANDARD OF REVIEW

In non-jury cases, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review the trial court's resolution of questions of law de novo with no presumption of correctness. *See Armbrister*, 414 S.W.3d at 692.

## DISCUSSION

As a preliminary matter, we first address Defendant's argument that the trial court erred in failing to deduct $16,458.69 in surveying and testing expenses from the final judgment. The trial court made the following findings of fact with regard to what the parties agreed to in their oral contract:

> The Court finds that after receiving all of the testimony from various witnesses, including French and Tinin, the parties did in fact enter into an oral contract . . . The Court further finds that as a part of said bid for the Bolivar Project, [Defendant] and [Plaintiff], through their principals, French and Tinin, agreed that [Plaintiff] would provide certain dirt work and materials necessary for the Bolivar Project. The Court finds that Tinin and French, on behalf of their corporate entities, agreed that Tinin's entities would provide certain services and/or materials at a per unit cost[.]

Later in its order the trial court specifically addressed whether or not the Defendant's claimed credit against the Plaintiff for survey and/or compaction testing was included in the parties' oral contract, as follows:

> The Defendant claims credit of $16,458.69 purportedly for survey and/or compaction testing attributable to the work performed by [Plaintiff]. The Court finds that the contract existing between the parties in this action did not include [Plaintiff] sharing in survey costs, compaction studies and the like. The Court finds that the contract existing between the parties was for specific unit costs for grading, dirt work, and the providing of certain materials and did not encompass or include the Plaintiffs being "charged back" for survey and/or testing.

After our review of the record, giving deference to the trial court's evaluation of the testimony—in particular the testimony of the parties as to the terms of their oral contract—we agree with the trial court's finding that the preponderance of the evidence supports the fact that the parties' contract did not obligate the Plaintiff to pay for survey or compact testing expenses. This is particularly supported by the fact that both parties agreed that the contract, other than an agreed cost for mobilization, was based on a per unit cost.

Having determined that the trial court did not err in finding that the oral contract existing between Plaintiff and Defendant did not require Plaintiff to share in the surveying and testing costs, we next address the final judgment amount ultimately awarded by the trial court. In reaching the $128,058.09 judgment awarded against Defendant, the trial court found that Plaintiff had supplied Defendant services and

materials totaling $465,792.15 and that Defendant had paid Plaintiff $303,454.42, leaving a balance owed of $162,146.73. Additionally, the trial court found that, on December 9, 2009, Defendant had made an additional payment to Plaintiff in the amount $39,682.04. While Mr. Tinin testified that he believed the payment was for work that Plaintiff and Defendant performed together on an unrelated project, the trial court ultimately found that Defendant made the payment to Plaintiff as part of the Bolivar Project and was thus entitled to a credit for this payment. On appeal, Defendant does not dispute these findings. Rather, Defendant argues that the credit for the $39,682.04 should have reduced the balance owed of $162,146.73 to $122,464.69 and that the trial court miscalculated the final judgment in the amount of $5,593.40. Confusingly, Plaintiff states in its brief on appeal that "it appears the Trial Court did make a mathematical miscalculation[,]" yet also states that "the Trial Court did not err in its calculation of damages[.]" Plaintiff does, however, attempt to explain where the additional $5,593.40 came from:

> The difference between the judgment amount of $128,058.09 and $122,464.69 is $5,593.40. In Trial Exhibit 30, filed January 24, 2019, which is a recapitulation of expenses prepared and claimed by [Defendant] against [Plaintiff], it reflects the total amount of cost unilaterally deducted by [Defendant] from payment made to [Plaintiff], prior to the filing of the lawsuit, was $5,593.40. Clearly, the Trial Court did not err in its calculation of damages, but merely added the improperly deducted surveying and testing costs back into the amount of damages awarded to [Plaintiff]. In other words, $122,464.69 plus $5,593.40 equals the judgment amount of $128,058.09.

While this is a plausible explanation, we do not know why or on what basis the trial court included this additional amount of $5,593.40 in the final judgment because the trial court gives no additional explanation in the order as to why it is included.

Moreover, since the recovery of the $5,593.40 exceeds the amount pled by the Plaintiff[1] in its complaint, and since the trial court did not specifically address this additional sum in its detailed findings and conclusion, we are unable to review the legal basis of the trial court's reasoning as to why it awarded this additional amount of damages. Therefore, we conclude that the inclusion of the additional $5,593.40 in the final judgment was in error. Accordingly, we vacate that portion of the judgment and remand the case to the trial court with instructions to reduce the final judgment amount to $122,464.69. *See JPMorgan Chase Bank v. Franklin Nat'l Bank*, No. M2005-02088-

---

[1] Plaintiff, in its complaint, sought damages against Defendant "in the amount of not less than One Hundred Sixty-Two Thousand One Hundred Forty-Six and 73/100 ($162,146.73)". The total amount sought by Plaintiff in its complaint and found due and owing by the trial court of $162,146.73, less the credit allowed by the trial court for a prior payment of $39,682.04, equals a balance owed of $122,464.69.

COA-R3-CV, 2007 WL 2316450, at *8 (Tenn. Ct. App. Aug. 13, 2007).

## CONCLUSION

Having determined that the trial court erred by including the $5,593.40 amount in its final judgment, we vacate that portion of the final judgment and remand the case to the trial court with instructions to reduce the judgment against Defendant from $128,058.09 to $122,464.69. The trial court is affirmed in all other respects, and the case is remanded for all further proceedings as may be necessary and consistent with this opinion.

_____
ARNOLD B. GOLDIN, JUDGE